STREAT COAL COMPANY, INC., Respondent, *v.* FRANKFORT GENERAL INSURANCE COMPANY, Appellant.

**Insurance (indemnity) — action by insured to recover from insurer difference between amount of insurance named in policy and amount of judgment against plaintiff, in action which insurer refused to settle without informing insured of offer of settlement — when complaint in such action fails to state cause of action.**

This action was brought by plaintiff to whom defendant, an insurance company, had issued an accident indemnity policy, to recover the difference between the amount of insurance named in the policy and the amount of a judgment which had been secured against plaintiff by parties injured in an accident by one of plaintiff's trucks. Defendant having undertaken the defense of the actions the injured parties

made an offer to settle and compromise the suits for the amount of the insurance. Defendant refused this offer without informing plaintiff thereof and proceeded with the trial of the suits which resulted in judgments against plaintiff largely in excess of the indemnity provided in the policy. After payment of such judgments plaintiff brought this action for the amount paid in excess of the insurance, upon the ground that defendant, having assumed under its contract the defense of the actions brought against plaintiff, received an offer to settle them before trial for the amount which defendant had contracted to indemnify plaintiff; that defendant's declination and failure to notify plaintiff of the offer was a breach of duty by defendant, as plaintiff was deprived of an opportunity of settling the suits as it would have been willing and ready to do. *Held*, the complaint fails to state a cause of action. It contains no allegations of any negligent act, fraud, imposition or bad faith on the part of defendant. Under the contract of insurance defendant had the right to undertake a settlement of the action or, at its election, to defend the action and to control the defense thereof. The plaintiff, however, could not settle any claim or suit except at its own cost. (*McAleenan* v. *Mass. Bonding & Insurance Co.*, 219 N. Y. 563, distinguished; *Schencke Piano Co.* v. *Philadelphia Casualty Co.*, 216 N. Y. 662, followed.)

*Streat Coal Co., Inc.,* v. *Frankfort General Fire Ins. Co.*, 205 App. Div. 41, reversed.

(Argued October 18, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered April 23, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and dismissing the complaint and directed the reinstatement of said verdict.

*Daniel Miner* and *James B. Henney* for appellant. There was no acquiescence by both parties in the theory of a duty implied in law by the defendant to notify plaintiff of the offer of settlement and the doctrine in question did not become the law of the case by such acquiescence. (*Matter of Brand*, 185 App. Div. 134; 227 N. Y. 630; *Barden* v. *New York Central R. R. Co.*, 181 App. Div.

306; *Caciatore* v. *Transit Development Co.*, 147 App. Div. 676, 677; *Leach* v. *Williams*, 12 App. Div. 173; *Vorce* v. *Oppenheim*, 37 App. Div. 69; *Roberts* v. *Tobin*, 120 N. Y. 1; *Lesin* v. *Shapiro*, 147 App. Div. 100, 104; *Smith* v. *Long Island R. R. Co.*, 129 App. Div. 427; *Brennan* v. *City of Yonkers*, 123 App. Div. 7; *McGrath* v. *Home Ins. Co.*, 88 App. Div. 153; *Crane* v. *Barrow*, 115 App. Div. 196; *Citizens Bank of Buffalo* v. *Rung Furniture Co.*, 76 App. Div. 471; *Levine* v. *Rosenschein*, 134 App. Div. 157, 160; *Alden* v. *Knights of Maccabees*, 178 N. Y. 535.) There was no duty imposed in law on the part of defendant insurer to communicate to plaintiff, its assured, the offer of settlement made by the tort plaintiffs. (*Auerbach* v. *Maryland Casualty Co.*, 236 N. Y. 247; *Hadley* v. *Boxendale*, 9 Exch. 341; *Chapman* v. *Fargo*, 223 N. Y. 32; *Rumford Falls Paper Co.* v. *Fidelity & Casualty Co.*, 92 Me. 574; *Schmidt* v. *Travelers Ins. Co.*, 244 Penn. St. 286; *Cleveland Wire Spring Co.* v. *General Accident, etc., Co.*, 6 Ohio App. 344; *New Orleans Co.* v. *Casualty Co.*, 114 La. 153; *Puget Sound Imp. Co.* v. *Frankfort Ins. Co.*, 52 Wash. 124; *Kingan* v. *Maryland Cas. Co.*, 65 Ind. App. 348; *Wisconsin Zinc Co.* v. *Fidelity & Deposit Co.*, 162 Wis. 39; *Wynnewood Lumber Co.* v. *Travelers Ins. Co.*, 173 N. C. 289; *Hollings* v. *Brown*, 202 Ala. 504; *General Acc., etc., Co.* v. *Louisville Home Tel. Co.*, 175 Ky. 96.)

*Neilson Olcott* and *Monroe M. Schwarzschild* for respondent. In no event could a dismissal of the merits result in this action, as in law an insurance company is liable to an assured for failure to make known an offer of settlement, where such failure places the assured at a disadvantage. (Mechem on Agency, § 1207; *G. R. Distilling Co.* v. *Mass. B. & Ins. Co.*, 197 App. Div. 499; *Brassil* v. *Maryland Casualty Co.*, 147 App. Div. 815; *McAleenan* v. *Mass. B. & Ins. Co.*, 173 App. Div. 100; 219 N. Y. 563; *Brunswick Realty Co.* v. *Frankfort Ins. Co.*, 99 Misc. Rep.

639; *Sachs* v. *Maryland Casualty Co.*, 170 App. Div. 494; *New York Cons. R. R. Co.* v. *Mass. B. & Ins. Co.*, 193 App. Div. 438; *Mason Henry Press* v. *Ætna Life Ins. Co.*, 211 N. Y. 489; *Silverstein* v. *Standard Ac. Ins. Co.*, 175 App. Div. 639; *Levin* v. *New England Cas. Co.*, 101 Misc. Rep. 402; 187 App. Div. 935; 233 N. Y. 631.)

Hogan, J.   On March 16, 1916, defendant issued to plaintiff a policy of indemnity insurance limited to the sum of $5,000 against loss or expense arising or resulting from claims upon the assured for damages on account of bodily injuries or death suffered by any person or persons other than employees of the assured, in consequence of any and every accident.   The policy contract provided that defendant would defend in the name and behalf of the assured any suit brought against it for damages on account of bodily injuries or death as a result of such accident, subject to certain conditions enumerated in the policy contract amongst which were in substance the following. The company covenanted to pay the expenses incurred by it in investigating and adjusting any claim and in defending any suit brought against the assured including costs taxed against the assured in any legal proceeding defended by the insurer together with interest accruing upon any judgment as shall not be in excess of the company's liability.

The assured was to give to the company immediately upon the occurrence of an accident written notice thereof with the fullest information obtainable at the time concerning the same, also immediate written notice of any claim made on account of such accident.   The assured was prohibited from settling any claim or incurring any expense save at its own cost.   The insurer was permitted at its own cost to undertake the settlement of any claim or suit.   In the event of a suit brought against the assured to enforce a claim immediate written notice thereof was required to be given the company and any process served

on the assured was to be forwarded to the company and the latter covenanted to defend the suit reserving to itself entire control of such defense; the assured to render all reasonable assistance and furnish all evidence under its control, but was denied the right to admit any liability for an accident and no loss arising from a liability which has been voluntarily assumed by the assured by contract or otherwise shall be covered under the policy.

On January 18, 1917, one Bella Turetzkin met with an accident in connection with the unloading of one of plaintiff's vehicles. To recover damages alleged to have been sustained thereby she commenced an action against the plaintiff and her husband also brought an action for loss of consortium. The summons and complaints were duly delivered to the defendant, the insurer, and the latter undertook the defense of the actions. Judgments were recovered in favor of the plaintiff in each action in the aggregate for upwards of $12,000. Upon appeal the judgments were affirmed and plaintiff was on January 6, 1919, obliged to pay in discharge of the judgments $13,097.66.

On January 25 defendant paid to plaintiff the sum of $5,752.42, the amount of its indemnity, $5,000, the balance on account of interest, costs, etc.

This action was thereafter brought to recover from defendant the sum of $7,345.24, amended upon the trial to $2,436.24, for which sum the jury returned a verdict for plaintiff. The verdict was set aside by the trial justice and judgment entered in favor of defendant against plaintiff. Upon appeal the Appellate Division by a non-unanimous decision reversed the judgment and reinstated the verdict of the jury in favor of plaintiff.

The foregoing summarized facts are set forth in the amended complaint and are followed by allegations in substance as follows: Prior to the trial of the actions brought by the Turetzkins, their attorney communicated with Mr. Jones, an attorney employed by defendant to

defend the action, an offer to settle and compromise both suits for $5,000.

" By reason of the premises and the relation of trust and confidence existing between the plaintiff and the defendant arising therefrom there was implied in the contract between the plaintiff and defendant an obligation on the part of defendant to inform the plaintiff of any matter affecting its rights or interest, including any offer of compromise, and it became and was the duty of the defendant and of its said attorney to communicate said offer of settlement to plaintiff and had said offer been so communicated for plaintiff's acceptance, plaintiff would have accepted the same." That defendant in violation of the rights of plaintiff refused the offer of settlement and plaintiff by reason of the breach of duty of defendant was deprived of the opportunity of settling the claims to its damage.

At the opening of the trial counsel for defendant moved to dismiss the complaint for the reason that it fails to state facts sufficient to constitute a cause of action. It fails to set forth any claim of negligence on the part of defendant in preparation for trial of the action brought against plaintiff, or negligence in the conduct of the trial. No claim of oppression, fraud or bad faith and failure to allege facts sufficient to constitute a cause of action.

Counsel for plaintiff was inquired of by the court: " Do you attempt to read into the contract any provision that is not specifically and expressly covered by the terms of it? " Counsel replied: " We do, an agreement on the part of the insurance company to communicate to its principal all facts in connection with the litigation. We contend that the relation of principal and agent as well as attorney and client are brought about by this policy and that the same duties that apply to both agent and attorney apply to the insurance company here." The Court: " I will reserve decision on the motion." Counsel

5

for plaintiff then started to open the case to the jury. Counsel for defendant inquired: " Do I understand counsel is opening now on an issue of bad faith? " Counsel for plaintiff replied: " I have not suggested bad faith." Counsel ·for defendant: " Or without stating any fact which might as a matter of law constitute bad faith there being no allegation in the complaint of bad faith." The Court: " He is going to the jury on the question of whether the insurance company received an offer of settlement from the injured person which it did not communicate to the insured, that is all. Your rights are very amply secured." Counsel for defendant: " I take an exception."

The trial justice did not dismiss the complaint. He deferred decision on the motion made to dismiss the same, assuring counsel " Your rights are very amply secured." That statement was equivalent to a statement, your motion is entertained and decision reserved and upon the decision of the motion if adverse to you, an exception will be recorded. Counsel for defendant, however, noted an exception. The motion was renewed at the close of plaintiff's case and at the close of the evidence decision was reserved as before. The reasonable conclusion deducible from the record is that the trial justice intended to and did by his assurance to counsel that his rights " are very amply secured " recognized the right of defendant to an exception to the rulings thereafter made. The complaint sets forth the written contract between the parties to the action and the facts arising thereunder. It contains no allegations of any negligent act, fraud, imposition or bad faith on the part of defendant.

A right of recovery is sought upon the grounds that defendant having assumed under its contract the defense of the action brought against plaintiff, received an offer from counsel in said actions to settle the same before trial for the sum of $5,000, the amount against which defendant had contracted to indemnify plaintiff; that defend-

ant declined the proposition and did not notify plaintiff of the same and plaintiff was thereby deprived of settling the suits as it would have been willing and ready to do.

By the terms of the contract between the parties the defendant had the right to undertake the settlement at its own cost of any claim or suit. The plaintiff, however, could not settle any claim or suit except at its own cost. Had the proposition of settlement been made to plaintiff, plaintiff would not under the contract become obligated to notify defendant of such proposition. It might settle, but at its own cost.

Defendant, however, was privileged at its own cost to settle any claim or suit. It was not obligated so to do, neither was it required to consult plaintiff in regard thereto. It had the right to defend any action brought and to control the defense thereof. Its privileges were paramount to the right of plaintiff to a degree, for in the event of recovery against plaintiff defendant under its contract would be liable in the first instance to respond to the extent of $5,000 besides interest and costs and assume in addition the expenses of a defense of the action.

The allegation of the complaint to which attention has been called that certain obligations were impliedly imposed upon defendant in the contract between the parties, is not an allegation of fact but simply a legal conclusion reached by the draftsman of the pleading, without setting forth facts upon which the conclusion is based. The contract between the parties was not made a part of the complaint but excerpts from the same were set forth in the pleading and the contract was received in evidence when offered by counsel for plaintiff. It is in the general form of contracts in use by indemnity companies. The provisions of the same are numerous, plain and unambiguous. The parties entered into the contract presumably aware of the contents thereof and are bound by the same. In the absence of fraud, negligence or bad

faith, alleged and established it is not the duty of the court to read into contracts conditions or limitations which the parties have not assumed. Negligent acts on the part of defendant to the injury of plaintiff are not charged in the complaint as was the case in *McAleenan* v. *Mass. Bonding & Ins. Co.* (219 N. Y. 563), where the defendant assured the plaintiff that an appeal had been taken, but without the knowledge of plaintiff permitted the time to take an appeal to expire, and as heretofore stated the complaint does not allege facts tending to show bad faith or fraud. The case at bar is alike to the case of *Schencke Piano Company* v. *Philadelphia Casualty Co.* (216 N. Y. 662). In that case the casualty company defended an action brought against the piano company which the casualty company by a contract similar to the one in this case had indemnified. While the jury upon the trial was deliberating, an offer to settle the action for $2,500 was made and declined. The jury rendered a verdict for plaintiff in the action against the piano company upon which judgment was entered for $5,290.76. The casualty company thereupon over the protest of the piano company took an appeal from the judgment and was successful as the judgment was reversed and a new trial granted. No attempt was then made by the casualty company to settle. Upon the second trial the plaintiff in the action recovered a judgment for upwards of $9,000, which upon appeal was affirmed. The casualty company thereupon paid $5,000, the amount of its indemnity, and the piano company $5,543.94, which it sought to recover against the casualty company. The latter admitted liability to the extent of $731.83, amount of costs for which it was liable, and the court directed a verdict for plaintiff for that amount and held that for failure to make the settlement at $2,500, which was within its policy limit, in the absence of fraud or bad faith, the company was not liable. The judgment was affirmed by the Appellate Division and by this court.

Having reached the conclusion that upon the allegations of fact set out in the complaint the pleading did not state a cause of action and that the sufficiency of the pleading was properly challenged upon the trial, the judgment of the Appellate Division should be reversed and that of Trial Term affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.