No. 14,163.

KESINGER *v.* COMMERCIAL STANDARD INSURANCE COMPANY.

(70 P. [2d] 776)

Decided July 12, 1937.

Messrs. MOFFETT & HITCHCOCK, for plaintiff in error.

Mr. W. A. ALEXANDER, Mr. CECIL M. DRAPER, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action on an accident insurance policy. Judgment of nonsuit.

It appears that June 29, 1932, defendant in error issued

its policy to one Pifer, covering public liability on his automobile; that August 26th, 1932, with Pifer's consent, plaintiff in error was driving the Pifer car when a collision occurred between it and the car of one Watenpaugh, causing injury to Watenpaugh's wife and damaging his car; that the Watenpaughs made claim against plaintiff in error, who, September 7, 1932, by his attorney, wrote the insurance company a letter, saying:

"On August 26th, 1932, an automobile owned by Tom Pifer and driven with his knowledge and consent by R. A. Kesinger, ran into an automobile owned and driven by R. E. Watenpaugh. Watenpaugh's car was considerably damaged and his wife severely injured.

"The accident occurred on the Arapahoe Road, east of Boulder, while both cars were traveling in a westerly direction.

"Would you kindly have your adjuster check the matter, and advise if you would care to adjust the same without suit."

To this letter the attorney received reply dated September 14, 1932, as follows:

"Re: Watenpaugh & Watenpaugh
v.
R. A. Kesinger
*Automobile Accident, August 26th, 1932*

"Dear Sir:

"In reply to yours of September 7th beg to advise that we have made a thorough investigation of the above claim and we are not at all interested in same."

That September 23, 1932, after receipt of the letter from the insurance company, plaintiff in error adjusted and paid a considerable amount to the Watenpaughs, and subsequently a further sum to a Mrs. Graves, who was a passenger with plaintiff in error at the time of the collision and concerning whose claims no mention was made to the company; that in the sum of the several payments, plaintiff in error sought recovery against the insurance company. The company, emphasizing that which al-

ready appeared from the complaint, namely, that the sums paid by plaintiff in error to the Watenpaughs and Mrs. Graves were not of adjudication or company consent, pleaded the following provisions of the policy:

"No action shall lie against the company to recover any loss or expense under section one of the schedule of perils unless the assured shall have fully complied with all the requirements hereof and unless such action shall be brought by the assured or his heirs or legal representatives for loss and/or expense actually sustained and paid in money by the assured after the amount thereof shall have been fixed and rendered certain, either by final judgment against the assured after actual trial of the issue or by agreement between the parties with the written consent of the company * * *.

"The assured shall not voluntarily assume any liability or interfere in any negotiations for settlement or in any legal proceeding or incur any expense or settle any claim, except at assured's own cost, without the written consent of the company previously given. * * * failure of the assured to comply with any and/or all provisions of this paragraph shall release the company from all liability and render this policy void."

At the conclusion of the testimony offered in behalf of plaintiff in error, defendant in error, predicating its motion mainly on the fact that plaintiff in error, before judgment, or even action against him, or authorization by the insurer, had settled and paid the damages claimed against him, moved for nonsuit, which was granted.

██ ██ We are disposed to the view that the court rightly resolved. We do not construe the authorities as does the plaintiff in error. The citations from 2 Berry Automobiles (6th ed.), sections 2100, 2188, 2190, as well as the cases noted by the author, do not hold to the effect that plaintiff in error could voluntarily settle with those claiming damages and enjoy the right of recovery over against the insurance company. We think the doctrine announced by Berry is opposed to that contention. If

plaintiff in error wished to avail himself of the protection of the policy, it was incumbent on him to give notice to the company, as he did, and on receipt of its answer, as appears, to remain inactive pending action in court against him, when notice to the insurance company would have required it to be responsible for a proper defense, and out of which would evolve a situation well calculated to absolve plaintiff in error from claims arising from the accident or shift the burden to other shoulders. Plaintiff in error failed, as we perceive, to pursue the course which the contract of his reliance plainly marked. See 36 C. J. 1115 §107; *Thacher v. Aetna Accident Co.* 287 Fed. 484, 28 A. L. R. 1280; *Streat Coal Co. v. Frankfort Gen. Ins. Co.,* 237 N. Y. 60, 142 N. E. 352; *Koontz v. General Cas. Co.,* 162 Wash. 77, 297 Pac. 1081. We do not regard the letter from the insurance company as a denial of liability in any event, or as equivalent to a refusal to defend an action.

We have examined as to other errors assigned, but regard them as incidental to the main issue and believe them to be without merit. Let the judgment be affirmed.

Mr. Chief Justice Burke and Mr. Justice Bakke concur.