## MARVEL HEAT CORP. *vs.* THE TRAVELERS INDEMNITY COMPANY.

Suffolk.    March 9, 1950. — April 27, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Insurance*, Disclaimer of liability, Waiver, Condition, General liability insurance.    *Waiver.    Practice, Civil*, Waiver.

In an action by the insured against the insurer under a manufacturers' and contractors' liability policy, a waiver by the defendant, before trial, of the seventh and eighth of ten paragraphs in its answer, the seventh alleging failure of the plaintiff to comply with requirements of the policy as to notice to the insurer, and the eighth alleging his failure "to comply with various provisions and obligations incumbent upon said plaintiff under said policy," did not result in a relinquishment of a defence set out in the fifth paragraph of the answer and based on a provision of the policy that "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company."

The mere fact that, after one insured under a manufacturers' and contractors' liability policy had notified the insurer of a claim against him covered by the policy but before any action had been brought by the claimant against him, the insurer wrote him disclaiming liability on the policy and refusing to pay the loss did not show a breach of any term of the policy or a waiver by the insurer of a condition thereof that no action should lie against the insurer "until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the" insurer, nor confer upon the insured a right to engage counsel, whom he paid, settle the claimant's claim, and charge the cost to the insurer.

CONTRACT. Writ in the Municipal Court of the City of Boston dated July 21, 1947.

The action was heard by *Gillen*, J.

*D. Gorfinkle*, for the plaintiff.

*R. W. Cornell*, for the defendant.

WILKINS, J. In this action for breach of a contract of insurance contained in a "manufacturers' and contractors' liability policy," there was a finding for the defendant, the Appellate Division dismissed a report, and the plaintiff appealed.

The plaintiff was engaged in the business of installing heating plants, doing general heating work, and selling fuel oil. On September 23, 1946, the plaintiff and one Weinstein, a customer, entered into a written contract entitled "contract for purchase of an oil burner," by which the plaintiff undertook to install an oil burner at 95 Shurtleff Street, Chelsea, and to "reseal furnace." In November, 1946, the plaintiff installed the burner, resealed the furnace, and received payment. In May, 1947, the customer suffered soot and smoke damage in the amount of $400 due to an alleged defect in the resealing of the furnace. The plaintiff notified the defendant of the customer's claim, but after investigation, the defendant, on or about June 27, 1947, "wrote the plaintiff disclaiming liability on the policy and refused to pay the loss." Following the disclaimer, the plaintiff engaged counsel, and on July 17, 1947, settled the customer's claim for $450, procuring general releases, and paid its own counsel $50.

For the purposes of this case only, we assume that the plaintiff was liable to its customer under the contract between them, and that the policy sued upon was broad enough to cover damage of the kind suffered by the customer due to the resealing. The questions of evidence raised by the plaintiff and many of its requests thereby become of no consequence.

The defendant's answer originally contained ten paragraphs, including a general denial, certain specific denials, and various affirmative defences under the provisions of the

policy, one being: "And further answering the defendant says that if it ever issued the policy of insurance referred to in the plaintiff's declaration, the plaintiff is barred by that part of section 11 of the policy which reads as follows: 'No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.' " Before trial the defendant waived two paragraphs of its answer which are quoted in a footnote.[1,2] The plaintiff contends that this waiver went to the extent, among other things, of renouncing any contention that there was need for the plaintiff to establish compliance "with any or all of the terms and conditions of the policy which may have been considered as a condition precedent to the plaintiff's invoking the defendant's liability thereunder." We are of opinion, however, that the defendant did not relinquish the right to rely upon the other paragraphs of its answer, including that relating to "section 11," which appears in the policy as part of paragraph 11 under "Conditions."

The plaintiff further contends that it was excused from compliance with condition 11, because the defendant disclaimed liability and refused to pay the loss. There was no evidence that at the time of the defendant's statements — or at any other time for that matter — the customer had

---

[1] "And further answering, the defendant says that if it ever issued the policy of insurance referred to in the plaintiff's declaration, the said policy by its terms required upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable; that the plaintiff failed to comply with the requirements of the policy with respect to notice; wherefore, the defendant says that it is not liable in this action. And further answering, the defendant says that if it ever issued the policy of insurance referred to in the plaintiff's declaration, that the plaintiff failed to comply with various provisions and obligations incumbent upon said plaintiff under said policy; wherefore, the defendant says it is not liable in this action."

[2] The defences stated in the preceding footnote were in the seventh and eighth paragraphs of the answer. That referring to section 11 of the policy was in the fifth paragraph. — REPORTER.

brought an action against the plaintiff. What this defendant wrote at a time when there was no case for it to defend did not amount to a waiver of condition 11.[1] The refusal to assume liability at such a time was not a breach of any term of the policy. We do not interpret the defendant's action as a denial of liability in any event, or as the equivalent of a refusal to defend an action. Its action did not confer upon the plaintiff any right to make such settlement as it might choose and to charge the cost to the defendant. *Thacher* v. *Aetna Accident & Liability Co.* 287 Fed. 484, 488–489 (C. C. A. 8). *Kesinger* v. *Commercial Standard Ins. Co.* 101 Colo. 109. See *Texas Short Line Railway* v. *Waymire*, 89 S. W. 452, 453–454 (Tex. Civ. App.); *Koontz* v. *General Casualty Co.* 162 Wash. 77. See also *Streat Coal Co. Inc.* v. *Frankfort General Ins. Co.* 237 N. Y. 60, 67. Cases are distinguishable where the insurer refused to defend an action. See, for example, *St. Louis Dressed Beef & Provision Co.* v. *Maryland Casualty Co.* 201 U. S. 173; *Traders & General Ins. Co.* v. *Rudco Oil & Gas Co.* 129 Fed. (2d) 621, 626 (C. C. A. 10); *Elliott* v. *Casualty Association of America*, 254 Mich. 282; *Butler Brothers* v. *American Fidelity Co.* 120 Minn. 157, 163–164; *Wisconsin Zinc Co.* v. *Fidelity & Deposit Co.* 162 Wis. 39, 51; 142 A. L. R. 812. Likewise distinguishable are cases where the insurer waived the requirements of notice or of statement of loss or of a limitation of time for bringing suit. See *Vasaris* v. *National Liberty Ins. Co.* 272 Mass. 62, 66; *Jackson & Co. (Inc.)* v. *Great American Indemnity Co.* 282 Mass. 337, 342; *London Clothes, Ltd.* v. *Maryland Casualty Co.* 318 Mass. 692, 697–698.

The judge rightly denied the plaintiff's ninth request, which was, "Section 11 of the policy of insurance under 'conditions' has no application to the instant case."

Other requests of the plaintiff were denied as immaterial.

---

[1] The defendant's obligation, under paragraph II (b) of the policy, was to "defend in his name and behalf any suit against the insured . . . even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company."

There was no error. The only request specifically argued
is: "10. The plaintiff, upon the defendant disclaiming lia-
bility under the policy, had the legal right to settle the loss
with its customer and in so doing did not violate section 10
of the conditions of said policy." Condition 10 in part
read, "The insured shall not, except at his own cost, vol-
untarily make any payment, assume any obligation or incur
any expense," with an exception here immaterial. No new
question is presented.

*Order dismissing report affirmed.*