[No. 22510. Department Two. April 10, 1931.]

NEAL J. KOONTZ, *Respondent*, v. GENERAL CASUALTY COMPANY OF AMERICA, *Appellant*.[1]

*H. Earl Davis, Lawrence H. Brown,* and *Ralph S. Pierce,* for appellant.

*M. E. Mack,* for respondent.

FULLERTON, J.—On November 30, 1928, the General Casualty Company of America, the appellant herein, issued to the defendant, Tefft, a policy of insurance, insuring him, among other things, against liability for property damage he might cause to another while in the use of an automobile described in the policy. On January 28, 1929, Tefft, while driving the automobile on a public highway, collided with an automobile driven by the respondent, Koontz. In the collision the respondent's automobile was damaged.

Tefft shortly thereafter, in compliance with the conditions of his policy, reported the accident to the cas-

[1]Reported in 297 Pac. 1081.

ualty company, making at the same time a written statement as to the manner and cause of the accident. In this statement, he made a diagram showing the positions of the automobiles immediately preceding, and at the time of, the collision, and this, when taken in connection with his recitals as to the manner and cause of the accident, indicated that each of the operators of the automobiles was guilty of negligence, and that there was no liability on his part.

Tefft thereafter gave to the respondent the name of the appellant company, and the respondent presented claim to the appellant for the damages caused his automobile by the collision in the sum of $60.57, which claim the company refused to pay. The respondent thereupon placed the claim in the hands of an attorney for collection. Shortly after the attorney received the claim, Tefft, the assured, went to the attorney's office and there signed and verified a writing to the following effect:

"I, Earl G. Tefft, the defendant above named, do hereby confess judgment in favor of the plaintiff in the sum of one hundred seventy-five dollars ($175) for damage and injury done to the 1928 Oldsmobile Coach, on the 28th day of January, 1929, about one-half mile North of Thorton, Washington, on the Inland Empire Highway, said damage being due entirely to my negligence, in that I was exceeding the speed limit and driving on the wrong side of the road, at said time I was driving a Ford Sedan, Model A-1928, Motor No. A 191846.

"That I make this confession of judgment at this time freely and voluntarily, and that prior to this time and since said collision I have always recognized and admitted my liability, and no one has urged or persuaded me to do so.

"That I, Earl G. Tefft, the above named defendant, do hereby authorize judgment to be entered for the aforesaid amount; that it is an indebtedness justly due

to the above named plaintiff, Neal J. Koontz.

"Dated this 20th day of April, 1929."

The writing was entitled as a cause pending in the superior court of Spokane county in which the respondent was plaintiff and Tefft was defendant, but, as no such cause was then pending, possibly the writing had no other effect than an admission of liability on the part of Tefft to the amount therein stated. This writing was presented to the casualty company, and it again refused to pay the claim or recognize liability because of the collision.

The respondent thereupon instituted an action against Tefft for the injuries suffered by his automobile, alleging the damages to be $250. Tefft was duly served with process in the action, and tendered the defense of the action to the casualty company, making no appearance therein himself. The casualty company declined to defend, and in due time a judgment by default was entered against Tefft. The court, for some reason not appearing in the record, did not enter judgment for the amount demanded in the complaint, but for two hundred dollars only.

Following the entry of the judgment, the respondent sued out a writ of garnishment against the appellant, averring that it was indebted to Tefft in an amount equal to the judgment recovered against Tefft. The appellant filed an answer to the writ, denying an indebtedness to Tefft. To this the respondent filed a controverting affidavit, and to the controverting affidavit, the casualty company filed a reply. By these proceedings, the parties framed an issue on the question whether the casualty company was liable to answer to Tefft on its policy of insurance for the judgment recovered against him by the respondent. This issue, the trial court determined in favor of the respondent, and the casualty company appealed.

Of the assignments of error made by the appellant, we have found one to be controlling and shall not notice the others. The contract of insurance, as evidenced by the policy issued to Tefft, contained, among others, the following conditions:

"ACCIDENT AND ACTION NOTICE. The assured, upon the occurence of an accident, shall give immediate written notice thereof, with the fullest information obtainable to the Company at its Home Office, Seattle, Washington or its duly authorized agent. He shall give like notice, with full particulars, of any claim made on account of such accident. If, thereafter, any suit is brought against the Assured, he shall immediately forward to the Company every summons or other process served on him. The Assured shall not voluntarily assume any liability, settle any claim or incur any expense except at his own cost, or interfere in any negotiations for the settlement or legal proceedings without the consent of the Company previously given in writing. The Assured, when requested by the Company, shall aid in effecting settlements, securing evidence, the attendance of witnesses and in prosecuting appeals."

It seems to us that the conduct of Tefft was a violation of the quoted clause of the insurance policy. His first duty under the conditions of the policy was to give notice to the appellant, together with the fullest information he had as to the cause of the accident, and with these duties he complied. He was then informed that the appellant denied liability on account of the accident. After receiving this information, it was his duty thereafter to remain inactive with reference to his liability on the claim, if he expected to hold the appellant for any judgment that might be obtained against him for injuries or damages arising out of the accident. Instead of remaining inactive, he became active in an effort to enable the respondent to recover against him; going so far as to sign an ad-

mission of liability grossly in excess of the claim the respondent had submitted to the appellant as a full satisfaction of his damages.

Clearly, we think, this was a violation of the conditions of his policy which would stand in the way of a recovery on his part against the appellant had he satisfied the judgment himself and sought to recover over against it. The respondent, of course, has no higher rights in the policy than has Tefft, and if Tefft cannot recover, he cannot.

The trial court gave to the clause of the policy quoted a different interpretation. The trial judge, commenting on this clause, said that it did not require an assured to "continue to maintain a position of non-liability" when he is satisfied in his own mind that he is liable.

But it seems to us this mistakes the meaning of the conditions of the policy. All the policy requires is that the assured shall not voluntarily assume liability, settle any claim, or incur any liability, without the written consent of his insurer. This does no more, as we understand it, than to require the assured to remain quiescent. He may have such views as he pleases as to his liability, but he must not make them known in such a manner as to make a judgment against him a certainty in the case an action is brought against him.

Conditions of this sort in an insurance policy are not without reason in their support. They are intended to prevent collusion between the person assured and the party claimed to have suffered damages at the hands of the assured, and, to prevent the possibility of such an occurrence, the insurer may guard against it in its contract with the assured, and hold the assured to a reasonably strict compliance with the terms of the contract.

The trial court seemed to stress somewhat the fact

that the appellant refused to defend when the defense to the action finally instituted against Tefft was tendered it. But at this time, Tefft had breached the conditions of the policy. He had, in disregard of these conditions, admitted in the most solemn manner possible his liability for the damages suffered by the respondent. This, as we conclude, relieved the appellant of any liability to him under its contract.

The judgment is reversed, and the cause remanded with instructions to enter a judgment in favor of the appellant, according to its answer to the writ of garnishment.

MITCHELL, HOLCOMB, BEALS, and MILLARD, JJ., concur.