[No. 25617.  *En Banc.*  March 31, 1936.]

KENNY EAKLE, *Appellant,* v. DONALD M. HAYES *et al.,*
*Defendants,* HARTFORD ACCIDENT & INDEMNITY
COMPANY, *Respondent.*[1]

*L. C. Stevenson,* for appellant.

*Roberts & Skeel* and *W. R. McKelvy,* for respondent.

*Shank, Belt, Rode & Cook, amicus curiae.*

[1]Reported in 55 P. (2d) 1072.

Steinert, J.—This appeal presents a garnishment proceeding, based on a judgment previously obtained by plaintiff in the action against the principal defendants, for damages to plaintiff's automobile. On the issues framed in the garnishment proceeding, a hearing was had, pursuant to which the court made findings of fact from which it was concluded that plaintiff was not entitled to recover from the garnishee defendant. From a judgment dismissing the writ of garnishment, plaintiff appealed.

The facts material to the controversy are these: On February 5, 1932, appellant's automobile collided with an automobile driven by defendant Donald M. Hayes. In December of that year, appellant commenced the original action herein against the principal defendants, Hayes and wife, to recover for the resultant damages. Defendants answered and cross-complained for damages to their automobile.

At the time of the accident, there was in full force and effect a combination automobile insurance policy which had been issued by respondent, Hartford Accident & Indemnity Company, to Mr. Hayes. By the terms of the policy, respondent assumed the respective obligations of the insured, as defined and limited in the instrument. The policy further obligated respondent, among other things, (1) to defend, in the name and on behalf of the insured, any suit alleging property damage to which the insurance provided in the policy was applicable; and (2) to pay, within the limits of the policy, any loss or liability imposed by law upon the insured for property damage, and also to pay all costs taxed against the insured in any suit defended by the company, and all interest accruing upon any judgment. The policy further provided that, if any person obtained final judgment against the insured, and the judgment was not satisfied within thirty

days after its rendition, then such person might proceed to recover the amount of the judgment from the insurer.

The agreement of insurance, however, was specifically made subject to a number of conditions. One of the conditions required the insured to co-operate fully with the insurer in the disclosure of all known facts pertaining to any accident or any claim or suit arising thereon, and to render his aid in the securing of evidence, the attendance of witnesses at any trial or hearing, and in the prosecution of any appeal..

In November, 1933, the cause was set for trial to be heard March 27, 1934. Respondent, through its attorneys, who had appeared for the defendants Hayes, promptly endeavored to locate Mr. Hayes at his residence in Seattle, but was unable to find him. His wife and his brother, when interviewed, professed not to know where Hayes was, and letters directed to him at his last known address in Seattle, advising him of the trial and of the necessity of his being present thereat, went unanswered. Respondent finally obtained information from another party that Hayes had left Seattle some months before and had gone east. Through correspondence with a marine service bureau and a steamship company, respondent learned that Hayes had been seen in Charleston, Massachusetts, on February 7, 1934, but it was unable to trace him beyond that time or place.

Upon these facts, respondent's counsel based its application for, and obtained, a continuance of the trial to April 30, 1934. Respondent then extended its search for Hayes, but was unable to locate him. On April 26, 1934, respondent's attorneys wrote to appellant's attorney advising him that Hayes had violated the provisions of the policy, to the prejudice of the respondent, and that it would, therefore, continue the defense

of the action only with full reservation of all its rights because of such violation, and that, in the event that a judgment was obtained against Hayes, it would disclaim all liability under the policy and would refuse to pay the judgment.

When the cause came on for trial, respondent, through its counsel, in open court reiterated its position. The trial then proceeded, with Mrs. Hayes present thereat and testifying for defendants. Mr. Hayes did not attend, nor could his testimony be procured. The trial resulted in a verdict and judgment for appellant against the defendants Hayes. Upon respondent's refusal to pay the judgment, garnishment proceedings were in due time instituted against it, with the result already stated.

The status of the appellant in this case is that of a garnishing creditor. It is a well-settled rule in this state that the rights of a garnishing creditor are no greater than those of the debtor, and, if the debtor cannot recover against the garnishee, then the garnishing creditor cannot. *Barkley v. Kerfoot,* 77 Wash. 556, 137 Pac. 1046; *Austin v. Wallace,* 117 Wash. 61, 200 Pac. 566; *Parks v. Lepley,* 160 Wash. 287, 294 Pac. 1020; *Koontz v. General Casualty Co.,* 162 Wash. 77, 81, 297 Pac. 1081; *McCann v. Reeder,* 178 Wash. 126, 34 P. (2d) 461. Hence, if Hayes, the insured under the policy, could not have recovered against the respondent insurance company, then the appellant cannot.

The respondent's agreement to assume liability for loss in the event of accident was expressly conditioned upon full co-operation by the insured, Hayes, in the disclosure of all facts known by him pertaining to the happening of the accident, and the rendition by him of aid in the securing of evidence, the attendance of witnesses at the trial, and the prosecution of any appeal. According to the complaint, Hayes was the

principal actor in the main case, the party against whom negligence was charged. He, in turn, was the principal cross-complainant, charging negligence against the appellant. He was a party to the action, and, under the issues raised by him in his answer and cross-complaint, he was a necessary and vital witness. His failure to attend the trial and there disclose the facts known to him regarding the accident was a breach of his contract of insurance and therefore barred any recovery on the policy by him.

In *Koontz v. General Casualty Co.,* 162 Wash. 77, 297 Pac. 1081, the policy contained conditions which were practically the same as those embodied in the policy before us here. Following an automobile collision, the insured in that case reported the accident to the company which had issued a liability insurance policy to him. The report indicated that there was no liability on the part of the insured. Thereafter, the insured, without the consent of the insurance company, confessed liability for the accident. Action was then brought against the insured, which the insurance company declined to defend. After entry of judgment by default against the insured, the plaintiff in the case sued out a writ of garnishment against the insurance company.

It was held in that case that the insured had violated the conditions of the policy; that such violation would have barred any recovery by the insured had he himself satisfied the judgment against him and sought to recover against the insurance company; and that the plaintiff in the case had no higher rights in the policy than the insured had. With reference to the terms of the policy, the court said:

"Conditions of this sort in an insurance policy are not without reason in their support. They are intended to prevent collusion between the person assured and

the party claimed to have suffered damages at the hands of the assured, and, to prevent the possibility of such an occurrence, the insurer may guard against it in its contract with the assured, and hold the assured to a reasonably strict compliance with the terms of the contract.''

Although the facts in that case are stronger than those here, in that there actual collusion was shown to have existed, while here there was only failure to co-operate in the trial of the case, the principles under-lying the validity of these respective conditions in the contract are the same. The difference between con-niving to effectuate a judgment against the insurer and failing or refusing to render proper assistance to the insurer in the defense of an action is merely a dif-ference in the method by which the effect is accom-plished. Both have the tendency to produce the same result.

Under its contract, the respondent here was entitled to the assistance of the insured, in so far as such as-sistance was lawful, and liability to the insured, under the contract, would not attach if such assistance were withheld. The insured, Hayes, by his conduct breached the terms of the policy. No recovery could, therefore, be had against the insurer for any judgment obtained against the insured, unless the insurer had waived the breach or was in some way estopped to assert it. *Rohlf v. Great American Mutual Indemnity Co.*, 27 Ohio App. 208, 161 N. E. 232; *Metropolitan Casualty Ins. Co. v. Blue*, 219 Ala. 37, 121 So. 25; *Bachhuber v. Boosalis*, 200 Wis. 574, 229 N. W. 117; *Hynding v. Home Accident Ins. Co.*, 214 Cal. 743, 7 P. (2d) 999, 85 A. L. R. 13; *Royal Indemnity Co. v. Watson* (C. C. A.), 61 Fed. (2d) 614.

A waiver is the voluntary or intentional relin-quishment of a known right. *Reynolds v. Travelers*

*Ins. Co.*, 176 Wash. 36, 45, 28 P. (2d) 310; *Coolidge v. Standard Accident Ins. Co.*, 114 Cal. App. 716, 724, 300 Pac. 885, 888; 27 R. C. L. 904. The respondent did not waive the conditions imposed by the policy, but promptly and properly insisted upon their performance. Such conditions were therefore binding upon the insured and were effective against the appellant.

The only ground for the contention that respondent is estopped to assert the breach by the insured, is the fact that it continued to defend the action after the breach had occurred. But the respondent continued the defense only after declaration of full reservation of its rights under the policy. It had agreed to defend the action, and it could not safely do otherwise than to proceed with the trial under the circumstances then presented.

The insurer does not forfeit its defenses under a policy by defending a suit brought against the insured, if the insurer informs the insured that such defense on the latter's behalf is under full reservation of its rights under the policy. *Basta v. United States Fidelity & Guaranty Co.*, 107 Conn. 446, 140 Atl. 816; *Sears v. Illinois Indemnity Co.*, 121 Cal. App. 211, 9 P. (2d) 245; *Allegretto v. Oregon Automobile Ins. Co.*, 140 Ore. 538, 13 P. (2d) 647; Berry on Automobiles (7th Ed.), § 6.665.

The appellant was fully advised before, and at the time of, the trial that respondent disclaimed liability because of the breach. Mrs. Hayes, the wife of the insured, and one of the defendants in the main action, was so advised by the declaration of the insurer in open court, and, so far as the record discloses, she made no objection to proceeding with the trial. Mr. Hayes, the insured, had absented himself and could not be notified at, or before, the trial. Notification sent to him at his last known address, within a few

days after the trial, was returned to respondent unclaimed. There was nothing more that respondent could have done under the circumstances. Having given notice that it would proceed with the defense under full reservation of its rights, respondent was not thereafter estopped to assert the breach of the conditions of the policy by the insured. Hayes, therefore, could not have been heard to assert estoppel, and the rights of the appellant are no greater.

The judgment will be affirmed.

ALL CONCUR.