## ROYAL INDEMNITY CO. v. REXFORD.
### No. 13872.

United States Court of Appeals
Fifth Circuit.

May 20, 1952.

S. J. Powers, Jr., T. J. Blackwell, Miami, Fla., for appellant.

Wm. Clinton Green, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from a judgment in a statutory garnishment proceeding brought, under the laws of Florida, against the Royal Indemnity Company, garnishee.

Its object was to recover from garnishee as debtor to one Florence Tarr, the named insured in an automobile liability policy, the sum of $10,000 provided by it for bodily injury liability.

The claim was: that, during the effective policy period, the automobile with Mrs.

Tarr riding in it became involved in a collision, resulting in serious injuries to plaintiff; that plaintiff sued and obtained judgment against Mrs. Tarr for $35,000, and the judgment is unsatisfied; that the Royalty Indemnity Company is indebted to the judgment defendant in the sum of $10,000; and that plaintiff is entitled to judgment against it, as garnishee, for that sum.

The garnishee, admitting the collision, the suit and the judgment, and the issuance by it of the policy, as claimed by plaintiff, denied that it was indebted to the judgment defendant. Invoking condition eight[1] of the policy, the assistance and cooperation clause, it alleged breach of it by the insured and release, from liability, of the insurer.

There was a pretrial conference and order and a trial to a jury. Insisting throughout that, on the evidence, no fact issue was made, and it was entitled to an instruction as a matter of law, *it also vigorously resisted the effort of the plaintiff in garnishment to retry the damage suit on his theory that by doing so he could show that, granting that there was no cooperation on the part of the insured, the failure to cooperate was not material since under the evidence there was no defense to the suit.*

The court, after a rather full discussion of the point, being of the opinion that the evidence bore on the materiality of the non cooperation, admitted the evidence, over objection, *and the case was tried, with the inevitable result that, with a seriously in-*jured *man and an insurance company before them, the jury was trying the question of whether the plaintiff was injured and whether he ought to recover from the insurance company, instead of trying the question whether the policy had been avoided before the trial by the failure of the insured to cooperate.*

The evidence in, and the garnishee's motion for directed verdict denied under Rule 50(b), 28 U.S.C.A. three issues were submitted to the jury for their verdict.

Upon the coming in of the special verdict,[2] the garnishee moved to set aside the verdict, as to each and all of the answers, and for the entry of judgment for it on its motion for a directed verdict and, subject thereto, for a new trial for the reasons stated in the motion.

The district judge granted the motion as to special finding No. 1, but denied it as to findings Nos. 2 and 3, and entered judgment for plaintiff on these two.

Appealing from this judgment, the garnishee is here insisting, as its first and main ground for reversal that it was error not to instruct a verdict in its favor, and the judgment should be reversed and rendered, and, in the alternative, as its second ground, that for errors committed in the course of the trial, in the admission of evidence and the giving and refusing of charges, the judgment should be reversed and the cause remanded for a new trial.

In support of its first and main ground of error, appellant, contrasting the paucity

---

1. "8. Assistance and Cooperation of the Insured Coverages A and B

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

2. "We, the Jury, pursuant to the submission of the issues in this case by the Court in its charges, respond to the issues submitted as follows:

"1. Did the insurance company, through its agent and counsel, exercise due and proper diligence in an attempt to procure the aid and assistance of the insured in the preparation and presentation of the defense in the main suit?

"Jury's answer: No.

"2. If such diligence was exercised by the insurance company, did the insured, Florence Tarr, fail or refuse to comply with and discharge her obligation of cooperation with the insurer in the defense of the suit?

"Jury's answer: No.

"3. If you find that there was such non-cooperation, did it result in material and substantial prejudice to the insurer?

"Jury's answer: No.

So Say We All."

of plaintiff's evidence to the contrary, points to and summarizes the mass of evidence offered by it showing non cooperation, including the failure of the insured to attend the trial or otherwise assist in its preparation. Relying on the cases [3] it cites, it urges upon us, as it did upon the trial court; that reasonable minds could not find otherwise than that the cooperation clause was breached; and that a verdict in its favor was demanded.

■ We agree with the views announced in the cases appellant cites:

"The insured under a liability policy containing a co-operation clause is obligated to assist in good faith in making every legitimate defense to a suit for damages. * * * If he refuses to give the information which the insurer needs to make the defense, or absents himself so that his testimony cannot be obtained, recovery on the policy should be denied, if the insurer acts with good faith and diligence. * * * The judgment creditor, who sues on a policy indemnifying the insured against claims for damages, stands in the shoes of the insured and is chargeable like the insured with any breach of conditions on which liability depended." Indemnity Ins. Co. v. Smith, Md., 78 A.2d 461, 463.

"The company endeavored to locate her without success. Under the contract of insurance it was entitled to her aid and assistance. It will not do to say that the plaintiffs in the trespass actions had a strong case and the defendant a weak one * * *. The very fact that the defendant was absent without explanation and could not be secured was prejudicial to garnishee's rights and would have had a material effect on the verdicts." Cameron v.

Berger, 132 Pa.Super. 484, 1 A.2d 529, 533.

"His mere presence as defendant at the trial would have been sufficient to show that he had faith in the defense being made in his name and in his behalf, whereas his absence might, and probably would have, led the jury to infer his lack of faith in, or lack of sympathy with such defense. * * *" Fischer v. Western & Southern Indem. Co., Mo.App., 106 S.W.2d 490, 494.

"It is a well-settled rule in this state that the rights of a garnishing creditor are no greater than those of the debtor, and, if the debtor cannot recover against the garnishee, then the garnishing creditor cannot. * * * [The] failure [of the insured] to attend the trial and there disclose the facts known to him regarding the accident was a breach of his contract of insurance and therefore barred any recovery on the policy by him." Eakle v. Hayes, 185 Wash. 520, 55 P.2d 1072, 1073.

"Every person familiar with the trial of cases by jury knows that the case of an individual defendant is seriously, if not hopelessly, prejudiced by his absence from the trial." Glens Falls Indemnity v. Keliher, 88 N.H. 253, 187 A. 473, 476.

The cases from Florida and from this court cited by appellee are to no different effect.

■ We agree with appellant, too, that the case of non cooperation it made out was a very strong one. On the other hand, strong as its evidence was, there was some evidence to the contrary, and we are not able to say as matter of law that, as to the breach of condition eight of the policy, the evidence as a whole demanded a verdict for defendant.

3. Indemnity Ins. Co. v. Smith, Md., 78 A. 2d 461; Coleman v. New Amsterdam Cas. Co., 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443; Cameron v. Berger, 132 Pa.Super. 484, 1 A.2d 529; Id., 336 Pa. 229, 7 A.2d 293; Goldstein v. Bernstein, 315 Mass. 329, 52 N.E.2d 559; Fischer v. Western & Southern Indemnity Co., Mo.App., 106

S.W.2d 490; Eakle v. Hayes, 185 Wash. 520, 55 P.2d 1072; Curran v. Conn. Indemnity Co., 127 Conn. 692, 20 A.2d 87; Glens Falls Indemnity Co. v. Keliher, 88 N.H. 253, 187 A. 473; Bauman v. Western & Southern Indemnity Co., 230 Mo. App. 835, 77 S.W.2d 496.

■ When it comes, however, to appellant's second point,[4] that it was reversible error to permit the plaintiff in effect to retry the damage suit to show that the evidence for recovery in it was so strong that cooperation could not have done any good, and, therefore, the failure to cooperate was immaterial, it is quite plain that the suit was tried on an erroneous theory and in such fashion that a fair verdict on the real issues in the case could not be obtained.

The only issue for trial in the garnishment suit was whether the policy, which the garnishee had issued to the insured, was no longer of force because, before the trial of the damage suit, it had been avoided by the failure of the insured to cooperate. There is no doubt that, under all the authorities, the non cooperation must have been material. None that, in a case of this kind, there might be an issue of fact for the jury upon whether the lack of cooperation was accidental, incidental, or immaterial. It cannot, however, be claimed that it was at all material, to the question at issue in the suit, whether there was non cooperation in a material respect, *to prove that the case was so strong that plaintiff would have gotten a verdict, no matter what the insured testified or did, and, that therefore, it was proper to in effect retry the damage suit.* No case is cited, we have found none, which supports the theory on which the case was tried.

A late case cited by appellant, Cameron v. Berger, supra, holds directly to the contrary, as does Appleman on Insurance, Vol. 8, Sec. 473:

"Such a rule is probably salutary where it is evident that the insured's infraction did not seriously impair the insurer's investigation or defense of the action. But if the rule is carried to the point of imposing an almost insurmountable burden of proving that the verdict was the result of the lack of cooperation, it would amount to a perversion of such contractual provision."

The holding of the Supreme Court in Florida, in Norwich Union Indemnity Co. v. Willis, 124 Fla. 137, 168 So. 418, while not on the precise point involved here, is to the same effect as is that of the Court of Appeals of Missouri in Finkle v. Western Automobile Ins. Co., 224 Mo.App. 285, 26 S.W. 843. *The materiality which must appear is that the insured could have given testimony or furnished evidence or other assistance which would have helped his side of the case, so that where it appears that the insured had already made a statement showing that he was at fault and if he testified truly, he could not have helped his case, his failure to testify would not be material non cooperation though his failure to attend the trial would be.* We held substantially this in Employers' Liability Assur. Corp. v. Bodron, 5 Cir., 65 F.2d 539, and Employers' Liability Assur. Corp. v. Nosser, 5 Cir., 70 F.2d 516. No court, however, has held that it was proper to do what was done in this case, in effect to retry the damage suit.

The case is a very close one as to whether there should not have been an instructed verdict in favor of the insurer on the ground that the insured failed as matter of law to cooperate, but we have concluded that the judgment should not be reversed and rendered on that issue. We are in no doubt, though, that, because of the error in permitting the plaintiff to retry the damage suit, the case was not fairly tried on the issue of non cooperation, the only issue which was available in the garnishment suit, and that the judgment must be reversed and the cause remanded to try that issue without complicating it with the completely extraneous question,

4. This is raised by the rulings of the trial judge in overruling the objections of the garnishee to the testimony of the witnesses Parkerson and Quarles, and the plaintiff, Rexford, regarding the facts and circumstances surrounding the automobile accident and the negligence issues therein involved and in denying the motions of the garnishee to strike out such testimony on the grounds that it was not within the confines of the issues in this cause, and in refusing garnishee's requested instruction No. 9.

of whether, because plaintiff would have won the suit anyway, even if there had been cooperation, the cooperation was immaterial.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.