UNITED STATES of America,
Plaintiff,

v.

UNITED BONDING INSURANCE COMPANY, Defendant-Third-Party Plaintiff-Appellee,

v.

H. E. GOODMAN INSURANCE AGENCY et al., Third-Party Defendant,

v.

MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Garnishee-Appellant.

No. 28014.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1970.

---

Harold L. Ward, Miami, Fla., for appellant; Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., of counsel.

William T. Moore, Miami, Fla., for appellee; Moore, Welbaum, Zook & Jones, Miami, Fla., of counsel.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This is an appeal by Michigan Millers Mutual Insurance Company from the ruling of the United States District Court for the Southern District of Florida that garnishment may be had against Michigan Millers Mutual, garnishee-appellant, by United Bonding Insurance Company, garnisher-appellee, which was a third-party beneficiary to an "Errors and Omissions Insurance Policy" issued to H. E. Goodman Insurance Agency by Michigan Millers Mutual.

H. E. Goodman Insurance Agency was a former agent of United Bonding. Acting on behalf of United Bonding, Goodman Insurance Agency issued a bond to a corporation known as All Type Distributors Display Service, Inc. The United States in the main action sued and recovered a judgment against United Bonding on this bond which guaranteed to the United States repayment of a loan made to All Type Distributors Display Service, Inc.

As a part of the original suit, United Bonding brought in as a third-party defendant its former agent which had issued the bond, H. E. Goodman Insurance Agency. This third-party suit by United Bonding against its former agent was successful, and a judgment on the third-party claim was entered by the lower court at the same time that it found in favor of the United States in its claim against United Bonding. United Bonding satisfied the judgment in favor of the United States and thereafter, in an effort to realize upon its third-party judgment against its former agent, H. E. Goodman, caused a writ of garnishment to be served upon Michigan Millers Mutual which had issued to the agent what is known as an "Errors and Omissions Policy".

In the final hearing on this question, United Bonding presented the "Errors and Omissions Policy", proof of the judgment against United Bonding and its check settling such judgment, proof of the determined liability of H. E. Goodman, and the agency contract between H. E. Goodman and itself. Michigan Millers Mutual moved to dismiss due to United Bonding's failure to establish the conditions precedent of notice. The lower court denied this motion. Michigan Millers Mutual then called its sole witness of the trial, Frank Cooper, Supervisor of Casualty Claims for Michigan Millers Mutual Insurance Company. The proffer of Cooper's testimony was to the effect that no notice of the action against H. E. Goodman was given his company. However, he did admit that Michigan Millers Mutual had defended the H. E. Goodman Agency in a similar action in a prior case.

The most pertinent portions of the policy that H. E. Goodman held with Michigan Millers Mutual were:

INSURING AGREEMENTS

"1. COVERAGE. To pay on behalf of the Insured all sums the Insured shall become legally obligated to pay on account of any claim against the Insured and caused by any negligent act, error, or omission of the Insured or any other person for whose acts the Insured is legally liable in the conduct of their business of General Agents, Insurance Agents or Insurance Brokers including all claims in-

volving the liability of the Insured to any Insurance Company for whom the Insured as an agent has issued a Policy, Covernote, or Binder resulting in a Company being held liable for paying their Policyholder and thereafter claiming on the Insured in respect of such liability which but for the error or omission on the part of the Insured would not have involved liability on the Company concerned."

"2. It is understood and agreed that in event of any claim irrespective of the amount, *notice* thereof shall be given by or on behalf of the Insured to the Company, or any of its authorized agents, in accordance with the terms of the Policy and the Company may at its option, investigate such claim or negotiate or settle any claim, and the Insured agrees, if the Company undertakes, to negotiate or settle any such claim, to join the Company in such negotiation or settlement to the extent of the amount to be deducted as herein provided, or to reimburse the Company for such deductible amount, if and when such claim is paid by the Company." (Emphasis supplied.)

## CONDITIONS

"2. NOTICE OF CLAIM OR SUIT. The Insured shall, as soon as practicable after receiving information as to his alleged negligent act, error, or omission, give *written notice* thereof to the Company with full particulars of any claim arising therefrom. If suit is brought the Insured must immediately forward to the Company every summons or other process received by him." (Emphasis supplied.)

"5. ACTION AGAINST COMPANY. No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this Policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company."

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this Policy to the extent of the insurance afforded by this Policy. Nothing contained in this Policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability."

The sole issue of the case involves the notice requirement of this policy and may be divided into two subquestions. (1) Under the policy, although necessary for the insured to have given notice of a suit before he may have an action against the insurance company, does the policy require notice before a third-party beneficiary will have a right of action? And (2) Did Michigan Millers have actual or constructive notice of the main action?

■■■ The law of Florida as to notice in an insurance policy appears to be settled by two recent Florida Supreme Court cases: Shingleton v. Bussey, 223 So.2d 713 (Fla.1969); Tiedtke v. Fidelity & Casualty Company of New York, 222 So.2d 206 (Fla.1969). In *Shingleton*, supra, it was concluded that "[i]t seems reasonable to view the cause of action against an insurer in favor of an injured third party as vesting in or accruing to the injured party at the same time he becomes entitled to sue the insured, assuming, of course, due notice of the injured party's claim has been given insurer and it has had opportunity to duly investigate the same." See Kilcrease v. Kilcrease, 223 So.2d 755 (Fla. App.1969). In the case at bar, the insurance contract specifically provided that a judgment creditor of the insured was entitled to recover under the policy. (Paragraph 5 of Policy). It is clear that the third-party beneficiary, United Bonding, possessed a right of action against Michigan Millers Mutual. It is

equally as settled that ordinarily if the debtor could not successfully maintain an action against the insurance company, the creditors of the debtor could not maintain a garnishment action. Norwich Union Indemnity Co. v. Willis, (1936) 124 Fla. 137, 168 So. 418; Flynn-Harris Bullard Co. v. Hampton, (1915) 70 Fla. 231, 70 So. 385. Judge Hutcheson writing for the Fifth Circuit Court of Appeals in Royal Indemnity Co. v. Rexford, 197 F.2d 83 (1952), approvingly cited Eakle v. Hayes, 185 Wash. 520, 55 P.2d 1072, reasoning that it announced the Florida law. The passage quoted in *Rexford*, supra, reads:

"'It is a well-settled rule in this state that the rights of a garnishing creditor are no greater than those of the debtor, and, if the debtor cannot recover against the garnishee, then the garnishing creditor cannot.' * * * Eakle v. Hayes, 185 Wash. 520, 55 P.2d 1072, 1073."

■ United Bonding argues that this specific policy requires the insured to give Michigan Millers Mutual notice but foregoes this notice requirement in the case of a third-party beneficiary. This argument is based on the reasoning that since the provision in the policy granting a third party a right of action against the insurance company (Paragraph 5) fails to restate the prior notice condition (Paragraph 2), no such condition need be met. This is faulty logic. The policy itself in two separate provisions (The Insuring Agreements and The Conditions) states that notice is a requirement. Notice is a necessity irrespective of whether the action is initiated by the insured or by a creditor of the insured. This conclusion is reaffirmed by the cited portion of *Shingleton*, supra.

■ United Bonding contends that if notice is a requirement, it falls upon Michigan Millers to prove substantial prejudice to itself due to the lack of notice. In the case of American Fire & Casualty Co. v. Collura, 163 So.2d 784 (Fla.App.1964), a cooperation clause in an insuring agreement was violated and

the Florida Court of Appeals ruled that the insurance company "must show that the lack of cooperation was material and that it was substantially prejudiced in the particular case by such lack of cooperation". However, in Tiedtke v. Fidelity & Casualty Company of New York, 222 So.2d 206 (Fla.1969), the Florida Supreme Court was confronted with a situation that directly involved the notice provision of an insurance policy. In *Tiedtke*, supra, the court reasoned "that the proper interpretation of the effect of prejudice in delayed notice cases was that while prejudice to the insured is presumed, if the insured can demonstrate that the insurer has not been prejudiced thereby, then the insurer will not be relieved of liability merely by a showing that notice was not given 'as soon as practicable'" (citations omitted). The requirement of the notice provision is much stronger than that of the cooperation clause, and the burden of proof of prejudice resulting to the insurance company will shift depending on which condition is involved. In this case, the notice requirement is at issue; and according to the teaching of *Shingleton* and *Tiedtke* it becomes the burden of the insured or the third-party beneficiary to prove the lack of prejudice. In that no opportunity was presented for United Bonding to show that Michigan Millers Mutual was not prejudiced by Goodman's failure to notify it, we reverse and remand this case for proceedings to determine this issue. This burden of proof is on United Bonding.

■ Lastly, United Bonding contends that notice was given to Michigan Millers Mutual and that the District Judge's findings to this effect were correct. The District Judge concluded in his Findings of Fact and Conclusions of Law that Michigan Millers Mutual "was put on notice of the claim involved in this suit, constructively if not actually, by reason of the fact that the home office representative of Michigan Millers admitted that the company was aware of at least one other claim similar to the one here involved and that the other claim

was in fact being defended by Michigan Millers on its insured's behalf before the instant claim was even filed". This Conclusion of Law was based on the testimony of Frank Cooper who stated that Goodman had been involved in similar litigation against Michigan Millers Mutual prior to this suit. In counsel's recitation into the record of his proffer of Cooper's testimony it was stated that Michigan Millers Mutual had received no such notice of any claim. Prior litigation of a similar nature does not constitute notice. There must be notice of this action involved, either constructive or actual. The District Judge refused to entertain evidence or testimony on the specific issue of notice.

Thereby, this action is remanded for a determination as to whether notice was given and if it should be found no notice was conveyed it falls upon United Bonding to prove Michigan Millers Mutual was not prejudiced by such lack of notice.

Reversed and remanded for proceedings not inconsistent with the above.